IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GEORGE W. LINTON, JR.,            )
                                  )
         Plaintiff,               )
                                  )
    v.                            )        1:10CV404
                                  )
ROWAN-CABARRUS COMMUNITY          )
COLLEGE, DR. CAROL SPALDING,      )
DR. JERRY CHANDLER, GAYE          )
MCCONNELL, and TORI TORRES,       )
                                  )
         Defendants.              )

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendants' Partial Motion to Dismiss [Doc. #5] pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed a Response through counsel,[1] and Defendants filed a Reply. For the reasons that follow, the Court recommends that Defendants' Partial Motion to Dismiss be denied.

I.    FACTS, CLAIMS, AND PROCEDURAL HISTORY

This case involves claims by Plaintiff George W. Linton, Jr. ("Plaintiff") for benefits allegedly owed to him and for alleged employment discrimination arising out of Plaintiff's employment as a Veterans' counselor at Rowan-Cabarrus Community College (RCCC). (Pl.'s Compl. [Doc. #1].) He alleges that he was first employed in a part-time position in 1988 as a Veterans Certifying Official. In 1990, Plaintiff began working a second part-time position in

---

[1] Plaintiff filed this action *pro se*, but retained counsel who filed Plaintiff's Response. However, counsel has since been allowed to withdraw. (Order of Feb. 14, 2011 [Doc. #21].) Plaintiff is therefore again proceeding *pro se* in the action.

Student Services at the college. He was apparently classified then as a temporary-full-time employee but was not given employment benefits to which he contends he was entitled. This alleged failure to provide benefits forms the basis of Plaintiff's Count I.

Plaintiff alleges in Count II that he was improperly terminated when his position was eliminated while "four young females with less experience together" than Plaintiff were retained. (Id. at 5.) He says that on April 16, 2009, he received a letter from Ms. Gaye McConnell, vice-president of student services at RCCC, informing him that his job title of Director of Veterans Affairs was being eliminated and that effective July 1, 2009, he would be unemployed. (Id. at 7 & Ex. A.) Plaintiff claims that he had a work history of over 21 years without any negative comments in his record. He says that at the same time the college was terminating his employment, it was advertising positions for a career counselor and transcript evaluator. (Pl.'s Compl. [Doc. #1] at 7.) Plaintiff claims that all of the positions that were eliminated have been refilled, but that none of the individuals who were eliminated and who reapplied for open positions, including himself, have been rehired. (Id.) He believes that the reorganization was a sham. (Id. at 8.) Plaintiff claims sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.A. § 2000e to 2000e-17 (West 2003 & Supp. 2011), age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621-634 (West 2008 & Supp. 2011), and a violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2011).

Plaintiff unsuccessfully grieved his termination through RCCC's internal grievance process. The final determination to uphold the termination of his employment was made on

September 15, 2009. Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on November 25, 2009. The EEOC mailed to Plaintiff a Notice of Right to Sue on February 23, 2010.

Plaintiff seeks as relief damages in the amount of $63,220.00 due to reduced retirement benefits, and apparently some form of relief for the loss of sick leave and vacation time during the period that he did not receive benefits. (Id. at 10.) Plaintiff originally named as Defendants RCCC and four of its employees.

The posture of the case has changed somewhat since Defendants filed their Motion. Defendants argue in their Motion that the Court should dismiss all of the claims against the individual Defendants. (Def.s' Mem. in Supp. of Mot. for Partial Dismissal [Doc. #6] at 3-5.) Plaintiff has since voluntarily dismissed all four of the individual Defendants. (Pl.'s Notice of Vol. Dismissal [Doc. #17].) Therefore, Defendants' arguments as to the individual Defendants are moot. Defendants' remaining arguments are directed toward Count II of Plaintiff's Complaint. As to that claim, Defendants contend that all of Plaintiff's claims for sex, age, and disability discrimination should be dismissed against RCCC because Plaintiff failed to timely file his charge of discrimination with the EEOC. (Id. at 5-7.)

Plaintiff responds by arguing that his filing was timely and that even if it was not, the Court should employ the doctrine of equitable tolling to find that his EEOC filing was timely. (Pl.'s Response [Doc. #18].)

3

II.   DISCUSSION

Title VII requires a plaintiff to file his threshold charge of discrimination with the EEOC within a specified period after the alleged discriminatory act.  42 U.S.C. § 2000e–5(e)(1); EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110 (1988); see also 29 U.S.C. § 626(d)(1)(A) (ADEA); 42 U.S.C. § 12117(a) (ADA).  The designated time period is 180 days, although in limited circumstances that period of time is extended to 300 days.  42 U.S.C. § 2000e–5(e)(1); Commercial Office Prods., 486 U.S. at 111 (noting that the 300-day period applies in instances involving state or local administrative proceedings, and in that case "a complainant must file a charge with the appropriate state or local agency, or have the EEOC refer the charge to that agency, within 240 days of the alleged discriminatory event in order to ensure that it may be filed with the EEOC within the 300–day limit").  An untimely-filed charge is not a jurisdictional bar but rather is "like a statute of limitations, . . . subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  "[A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," unless "all facts necessary to the affirmative defense clearly appear [ ] on the face of the complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

In this case, Plaintiff Linton does not specifically contest Defendants' contention that the period for filing his charge of discrimination with the EEOC for all of his discrimination claims

4

expired 180 days following the alleged unlawful employment action. Plaintiff also does not specifically dispute that if that time period began running when Plaintiff received the letter from RCCC notifying him that his position was being eliminated, his EEOC filing was untimely. (Pl.'s Response [Doc. #18] at 10-11.) Instead, Plaintiff contends that the 180-day period began running on September 15, 2009, the day that his grievance process ended. Therefore, according to Plaintiff, his EEOC filing on November 25, 2009, was timely. (Id.)

However, the Supreme Court has rejected the argument that the limitations period begins running upon the completion of the grievance process. Under the statute, the limitations period commences on the date of the "alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e). In Delaware State College v. Ricks, 449 U.S. 250 (1980), the Court found that the limitations period for a discrimination claim asserted by a college professor began running when the decision was made to deny him tenure and he was so notified. Id. at 259. In that case, the Supreme Court considered and rejected the argument that the date defined by statute was the date that the plaintiff's grievance was finally denied. Id. at 260-61 ("[W]e already have held that the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods.") Rather, the Court held that the limitations period began running when the plaintiff was notified that he would be offered a "terminal" contract for the upcoming school year, after which he would no longer be employed. Id. at 261-62. Applying that reasoning to the present case, Plaintiff's argument that his limitations period began running when his grievance was finally denied must be rejected. Rather,

5

his limitations period began running when he was notified that his position was being eliminated, on April 16, 2009.

Plaintiff nevertheless contends that his EEOC charge should be considered timely based on the doctrine of equitable tolling. Equitable tolling is available in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In determining whether equitable tolling should apply, courts "should conduct a thorough examination of the facts." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). The Fourth Circuit has noted that tolling "might be warranted in cases involving bad advice from the governmental agency charged with enforcing discrimination complaints." Poteat v. Mack Trucks Inc., No. 96–1437, 1997 WL 33117, at *4 (4th Cir. Jan. 28, 1997). This would include cases in which the EEOC erroneously advises a plaintiff about the filing deadline, causing an untimely filing. See Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (noting that an explanation, if substantiated, that an "EEOC official had erroneously advised" the plaintiff regarding the deadlines "has been recognized as justification for equitable tolling"); Waiters v. Robert Bosch Corp., 683 F.2d 89, 92 (4th Cir. 1982) (applying the doctrine of equitable tolling when a delay in the processing of a charge in the EEOC office led to tardy filing); see also Fulmore v. City of Greensboro, 834 F. Supp. 2d 396, 413 (M.D.N.C. 2011) ("Courts in this circuit have routinely held that actions or omissions by the EEOC may justify equitable tolling under appropriate circumstances."); Ijames v. Murdock, No. 1:01CV93, 2003 WL 1533448, at 3 (M.D.N.C. Mar.

6

21, 2003) (collecting cases and holding that limited discovery was necessary to determine whether an EEOC investigator had refused to allow the plaintiff to file a timely charge when he attempted to do so, an incident that might justify tolling); Westry v. North Carolina A&T State Univ., No. 1:01CV1129, 2002 WL 1602451 (M.D.N.C. 2002) (noting that state employees may pursue state remedies through the Office of Administrative Hearings, and when a charge is brought to the EEOC in a state where a deferral agency exists, and the EEOC fails properly refer that matter to appropriate state or local agencies, "the court may rely on its equity power to toll the state filing requirement"); Grey v. Henderson, 169 F. Supp. 2d 448, 452 (M.D.N.C. Sept. 24, 2001) ("Although equitable tolling of the requisite filing period is rarely invoked, courts freely allow it where the plaintiff's delay in filing was the result of misleading conduct or misinformation by the agency which sent the letter."). If equitable tolling is "plausibly alleged," the claim may be allowed to proceed at the Rule 12(b)(6) stage, but the burden will be on the plaintiff after discovery to "establish that equitable tolling is indeed justified on the facts of [the] case." Fulmore, 834 F. Supp. 2d at 415.

In the present case, Plaintiff attached to his Complaint a copy of a letter dated April 5, 2010, that he wrote to the EEOC requesting an explanation for its ruling that his charge was not timely filed. (Pl.'s Compl. [Doc. #1] Ex. E.) In this letter, Plaintiff states that on July 24, 2009, he called "the EEOC office" and "went over" his case and "they informed me I had 300 days to file my claim because of appeal procedures that the State Community College System had in place." (Id.) Later in the same letter, Plaintiff states that "the Letter mailed to me on July 27, 2009, paragraph 4, directs/indicates that I have 300 days to file my claim and the brochure that

7

came with the letter paragraph 4, states the same thing."[2] (Id.) Plaintiff further states that the "young lady that I spoke to at the EEOC, had me go over my complaint, where I worked and the procedures that I was going through and informed me that I would fall under the 300 day rule." (Id.)

In response, Defendants contend that Plaintiff's "self-serving and unverifiable assertion cannot save his otherwise untimely claims from dismissal." (Def. RCCC's Reply [Doc. #19], at 4.) They argue that the Intake Questionnaire that Plaintiff completed when filing his EEOC charge provided him with accurate information because it expressly references the 180-day limitations period. (Id.) However, this questionnaire expressly references both the 180-day and the 300-day limitations period, and simply says that a charge must be filed "generally within 180 days or in some places 300 days of the alleged discrimination." (Id. (quoting from questionnaire).) Moreover, the Intake Questionnaire is dated November 14, 2009, well after the 180-day period would have run and well after the July 2009 representations on which Plaintiff contends he relied. Based on Plaintiff's contentions, at this Motion to Dismiss stage, the Court concludes that the Intake Questionnaire cited by Defendants would not preclude Plaintiff from plausibly alleging that he relied on the prior representations by the EEOC that the 300-day time limit would apply in his case.[3]

---

[2] This July 27 letter is not included as an attachment to the Complaint.

[3] In addition, the Court notes that there is at least a colorable claim that this case involves the limited circumstances in which the 300-day time period would apply. In this regard, federal courts in this state have noted that state employees are potentially subject to the 300-day time period in light of the applicable state procedures for handling discrimination claims through the Office of Administrative Hearings. See Gibbs v. Guilford Technical Comty. Coll., No. 1:98CV218, 1999 WL 33227441 (M.D.N.C. Nov. 24, 1999); Westry v. North Carolina A&T State Univ., No. 1:01CV1129, 2002 WL 1602451 (M.D.N.C. June 10, 2002) . Defendants have not addressed the extent to which this provision would apply in the present case. In the circumstances, this

8

Case 1:10-cv-00404-UA-JEP   Document 22   Filed 03/29/13   Page 8 of 10

Finally, to the extent that Defendants cite various cases denying requests for equitable tolling, the Court notes that those cases present different factual scenarios and, significantly, arise primarily on motions for summary judgment or at trial. See, e.g., Conaway v. Control Data Corp., 955 F.2d 358, 362-63 (5th Cir. 1992) (upholding dismissal of ADEA claim as time barred and denial of equitable tolling on a motion for directed verdict after a jury trial, and describing issue as whether "an accurate, but incomplete, oral statement by the EEOC can be the basis for equitable tolling"); Ramirez v. City of San Antonio, 312 F.3d 178, 185 (5th Cir. 2002) (concluding that the plaintiff had given so few details of his exchanges with the EEOC that he failed to carry his burden, on summary judgment, of showing that the EEOC affirmatively misled him because he had "not produced sufficient evidence to create a genuine issue of fact that the EEOC affirmatively misled him about the nature of his rights"); Sitarski v. IBM Corp., 708 F. Supp. 889, 890 (N.D. Ill. 1989) (converting motion to dismiss to motion for summary judgment, and denying equitable tolling where the plaintiff did not establish an affirmative misrepresentation by the EEOC, and instead alleged only that he had been provided incomplete information, and did not include sufficiently detailed, verifiable evidence); Edmonston v. MGM Grand Air, Inc., 808 F. Supp 197 (E.D.N.Y. 1992) (denying equitable tolling at the summary judgment stage, where the plaintiff had not presented a genuine issue of fact as to equitable tolling to survive summary judgment and where Plaintiff did not act diligently in pursuing his claims).

---

issue at least renders plausible Plaintiff's claim that he received information from the EEOC indicating that the 300-day time limit would apply in his case.

In the present action, Plaintiff has plausibly alleged sufficient facts to reasonably invoke the doctrine of equitable tolling. Therefore, dismissal under Rule 12(b)(6) should be denied. The Court notes, however, that Defendants may raise this issue after discovery on a motion for summary judgment, and the burden will be on Plaintiff to "establish that equitable tolling is indeed justified on the facts of [the] case." Fulmore, 834 F. Supp. 2d at 415.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss [Doc. #5] be DENIED AS MOOT as to the claims against the individual Defendants, and DENIED as to the claims against Defendant RCCC at this time.

This, the 29th day of March, 2013.

                                                  /s/ Joi Elizabeth Peake
                                                   United States Magistrate Judge